*15 OPINION.
Milliken :
The facts were stipulated. They disclose the cost or the value on March 1, 1913, of the oil and gas leases and equipment, and the selling price. Petitioner's admit that respondent’s computation of depletion and depreciation is mathematically correct, provided that depletion and depreciation sustained on the unit of production basis during the years 1913, 1914, and 1915 should be added to the selling price or deducted from cost in determining gain. On the other hand, respondent admits that petitioner’s computation is mathematically correct, if the 5 per cent limitation provided in paragraph B of section II of the Act of October 3, 1913 (38 Stat. 114, 167), applies. That provision was to the effect that individuals in computing net income for the purpose of the normal tax, were limited in their deductions for exhaustion, wear and tear of property in the case of mines to 5 per cent of the gross value at the mines of the output for the taxable year. The question presented is decided in United States v. Ludey, 274 U. S. 295; 6 Am. Fed. Tax Rep. 6754, where it is said:
(2,3)' * * * On the other hand, we cannot accept the government’s contention that the full amount of depreciation and depletion sustained, whether allowable by law as a deduction from gross income in past years or not, must be deducted from cost in ascertaining gain or loss. Congress doubtless intended that the deduction to be made from the original cost should be the aggregate amount which the taxpayer was entitled to deduct in the several years.
Applying the rule laid down in United States v. Ludey, supra, we find that the net profit of both petitioners, arising from the sale of the oil and gas leases, was $14,346.31, one-half of which should be attributed to each petitioner.
Judgment will be entered on 15 days’ notice, under Rule 50.